IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-353-BO-1
NO. 5:11-CV-377-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| EBONY MARIE JUDD | ) | |

This matter is before the Court on the United States' Motion to Dismiss [DE 70]. Defendant Ebony Marie Judd filed a Motion to Appoint New Counsel [DE 64] on June 14, 2011. On June 28, this Court notified Ms. Judd that her Motion would be construed as a Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255, as required by *Castro v. United States. See* 540 U.S. 375, 377, 383 (2003). Ms. Judd subsequently filed a Motion to Vacate under 28 U.S.C. § 2255 [DE 67]. The United States moved to dismiss this motion on August 30, and Ms. Judd responded on September 6 [DE 73]. Because Ms. Judd's Motion is untimely, the United States' Motion is GRANTED and Ms. Judd's Motions are DISMISSED.

## BACKGROUND

On April 6, 2010, Ms. Judd was sentenced to 81 months' imprisonment after pleading guilty, pursuant to a written plea agreement, to one count of 18 U.S.C. § 1951 (Hobbs Act Robbery) and one count of 18 U.S.C. § 371 (conspiracy to commit bank robbery). Judgment was entered on April 15, 2010.

On June 10, 2011, Ms. Judd filed a Motion to Appoint New Counsel [DE 64]. This Court, in its Order of June 28, informed Ms. Judd that this motion would be construed as a motion

seeking collateral review of her conviction pursuant to 28 U.S.C. § 2255 [DE 65]. She was given sixty days to respond. On July 19, Ms. Judd responded with a motion pursuant to § 2255, alleging ineffective assistance of counsel and breach of her plea agreement by the government [DE 65]. The United States seeks to dismiss this motion as untimely because it was filed outside of the one-year limitations period contained in 28 U.S.C. § 2255(f)(1).

## DISCUSSION

### I. Ms. Judd's Petition is Untimely

When an individual does not appeal her sentence directly, a petition under 28 U.S.C. § 2255 must be filed within one year of the date her conviction became final. *Clay v. United States*, 537 U.S. 522, 522-23 (2003). In this case, Ms. Judd's judgment was entered on April 15, 2010, and the Fourth Circuit views that as the date on which her conviction became final. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) ("The district court entered Sanders' judgment of conviction on January 15, 1998. Since Sanders did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1) on that date."). She filed her Motion to Appoint New Counsel on June 14, 2011. Because this filing occurred outside of the one-year limitations period, Ms. Judd has failed to comply with the requirements of § 2255(f)(1), and her petition must be denied as untimely.

### II. Ms. Judd Cannot Benefit From Equitable Tolling

Further, Ms. Judd has not demonstrated a sufficient showing to warrant equitable tolling. That doctrine allows for the limitations period to be extended in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result. *Green v. Johnson*, 515 F.3d 290, 304 (4th Cir. 2008). Although Ms. Judd claims that application of the limitations period is

not "fair," [DE 73] she has not alleged any facts that would demonstrate why she was unable to timely file a petition to vindicate her claims.

## III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that the petitioner is not entitled to relief and the United States is entitled to dismissal of the petition, the Court considers whether Defendant is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in her habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and

arguments." *Slack*, 529 U.S. at 484–85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the Court finds reasonable jurists would not find the Court's treatment of any of petitioner's claims debatable or wrong and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss [DE 70] is GRANTED and Ms. Judd's Motions [DE 64, 67] are DISMISSED.

SO ORDERED, this the 29 day of September, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE